**Ramona BLACK, Appellant,**

v.

**WASHINGTON MUTUAL BANK,**
**Servicing Agent, Appellee.**

No. 01–09–00151–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 2010.

Rehearing Overruled July 27, 2010.

L. Mickele' Daniels, L. Mickele' Daniels & Associates, Houston, TX, for Appellant.

John J. O'Boyle Jr., Dallas, TX, William D. Kee III, Sugar Land, TX, for Appellee.

Panel consists of Justices KEYES, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellee, Washington Mutual Bank ("Washington Mutual"), brought a forcible detainer action in justice court seeking possession of property located at 15921 Stone Oak Estates Court, Cypress, Texas ("property"). The justice court issued a judgment in favor of the defendant, the occupant of the property, Ramona Black, denying Washington Mutual possession of the property. On de novo review in County Civil Court of Law Number 3, Washington Mutual received a writ of possession in its favor.

In her single issue on appeal, Black argues that the justice court and the county court of law lacked subject-matter jurisdiction to decide the issue of immediate possession because the issue necessarily required the determination of ownership of

the property, which was outside the courts' jurisdiction. We affirm.

## BACKGROUND

Jon Lundy was the title owner of the property. On September 29, 2006, Lundy executed a deed of trust for the benefit of lien holder, Washington Mutual, to secure a note for a principal amount of $1,040,000. Pursuant to the agreement, Lundy was to make monthly payments on the lien.

On November 16, 2006, Lundy conveyed the property by quitclaim deed to Black. Black testified that in exchange for the quitclaim deed, she paid Lundy a down payment of $100,000 and monthly payments of $8,500. Black testified that she was not aware that there was a lien on the property. About a year after entering into the agreement to purchase the property, Black received a phone call from Lundy telling her that he "need[ed] to do something with the lender or bank" and "he needed [her] to go and release the property but he would give it back to [her]." Black signed the deed giving the property back to Lundy. Lundy did not transfer the property back to Black, and Black never heard from Lundy again.

After Lundy's purported default on the note, Washington Mutual foreclosed on the property. Pursuant to the deed of trust securing the note, a substitute trustee was appointed to sell the property. Black testified that she received notice of the foreclosure. On November 4, 2008, the property was sold to Washington Mutual for $1,262,706.20. On November 11, 2008, Washington Mutual notified the occupants of the property that it had acquired title at the foreclosure sale, that any occupants were tenants-at-sufferance pursuant to the deed of trust originally signed by Lundy, and that it intended to obtain possession by a forcible detainer suit.

## SUBJECT–MATTER JURISDICTION

In her sole issue, Black argues the justice and county courts lacked subject-matter jurisdiction over the suit because resolution of the issue of the right to immediate possession necessarily required determination of the title to the property.

### A. Standard of Review

Whether a court has subject-matter jurisdiction is a question of law, subject to de novo review. *Graber v. Fuqua*, 279 S.W.3d 608, 631 (Tex.2009), *cert. denied*, —— U.S. ——, 130 S.Ct. 288, 175 L.Ed.2d 136 (2009) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)). Subject-matter jurisdiction is fundamental and may be raised for the first time on appeal. *Tex. Assoc. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

### B. Applicable Law

■ A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. *See* Tex. Prop.Code Ann. § 24.004 (Vernon 2000); Tex. Gov't Code Ann. § 27.031(a)(2) (Vernon Supp.2009). The sole issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession, and the merits of the title shall not be adjudicated. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.-Dallas 2006, no pet.). A justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. *See* Tex. Gov't Code Ann. § 27.031(b).

■ A forcible detainer suit may be appealed to the county court for a de novo review. Tex.R. Civ. P. 749; *Hong Kong*, 229 S.W.3d at 433–34. The appellate juris-

diction of the county court is confined to the jurisdictional limits of the justice court. *Hong Kong,* 229 S.W.3d at 434. Accordingly, when a county court conducts a de novo review of a forcible detainer action, the court is restricted to the jurisdictional limits that existed in the justice court, regardless of other statutory grants of jurisdiction to the county court.[1]

▮ Although a justice court has subject-matter jurisdiction over a forcible detainer action, the justice court, and a county court on appeal, lack jurisdiction to resolve any questions of title beyond the immediate right to possession. *See Merit Mgmt. Partners I, L.P. v. Noelke,* 266 S.W.3d 637, 643 (Tex.App.-Austin 2008, no pet.). On the other hand, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute. *Rice v. Pinney,* 51 S.W.3d 705, 712 (Tex.App.-Dallas 2001, no pet.). Courts have specifically addressed whether a justice court has jurisdiction over a forcible detainer suit where the case also involves a dispute over a trustee's deed conveying property purchased at a foreclosure sale. Courts have explained:

> "[A] judgment of possession in a forcible detainer action is a determination *only* of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question.... [Parties] have the right to sue in the district court to determine whether the trustee's deed should be cancelled, *independent of [the]*

*award of possession of the premises in the forcible detainer action* [.]

*Id.* at 710 (quoting *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex.Civ.App.-Corpus Christi 1978, no writ.)) (emphasis in original). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* at 709. The *Rice* court held that there was an "independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property," where a deed of trust established a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners or those holding under them. *Id.* at 712.

▮ In determining whether a lawsuit involves the adjudication of title, we are not limited to the plaintiff's framing of the causes of action in his pleadings but, instead, look to the "gist" of the case after reviewing the plaintiff's pleadings, the answer, and the presentation of evidence. *Merit Mgmt.,* 266 S.W.3d at 647 (citing *Galley v. Hedrick,* 127 S.W.2d 978, 982 (Tex.Civ.App.-Amarillo 1939, no writ)).

### C. Analysis

▮ Here, the claim of right to immediate possession was based on Washington Mutual's purchase of the property at a foreclosure sale. The foreclosure was based on Lundy's default on a note secured by a deed of trust on the property in question. The Deed of Trust executed pursuant to the lien agreement provides:

---

1. For instance, the Government Code statutorily provides county courts of law in Harris County with jurisdiction to decide the issue of title to real property. Tex. Gov't Code Ann. § 25.1032(c)(1) (Vernon 2004). However, when exercising its appellate jurisdiction over a civil case from justice court, the county courts of law are limited to the jurisdiction of the justice court. *See Hong Kong,* 229 S.W.3d at 434.

If the property is sold pursuant to [a power of sale after acceleration following default], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, *Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.*

(Emphasis added.)

As in *Rice,* the terms of the deed of trust expressly create a landlord and tenant-at-sufferance relationship between Black (the person holding possession through the borrower) and Washington Mutual. *See Rice,* 51 S.W.3d at 712. Like *Rice,* the court had evidence before it, including the deed of trust, the substitute trustee's foreclosure sale deed, and related documents establishing default on the note, a notice of eviction, the foreclosure pursuant to the deed of trust, and the sale of the property to Washington Mutual.[2] *See id.* at 711. Based on this evidence, it was unnecessary for the trial court to determine the issue of title to the property. *See id.* The trial court merely determined that Washington Mutual was entitled to immediate possession, as grantee in the trustee's deed. *Id.*

 Black argues that the granting of a quitclaim deed from Lundy granted her "equitable title" and a greater right of possession than Washington Mutual. However, a quitclaim deed, by its very nature, only transfers the grantor's right in that property, if any, without warranting or professing that the title is valid. *Geodyne Energy Income Prod. P'ship I–E v. Newton Corp.,* 161 S.W.3d 482, 486 n. 12 (Tex.2005). Thus, Black took the property subject to the terms of the deed of trust, which allow foreclosure. Further, Black admitted at trial that she did not have title at the time of sale because she conveyed her interest back to Lundy. Black fails to include in her analysis how her conveyance of the property back to Lundy affected her claimed "equitable title." While Black may seek recourse against Lundy independent of the forcible detainer suit,[3] her argument has no bearing on the determination of immediate right of possession.

Accordingly, the justice court, and the county court on appeal, had subject-matter jurisdiction to determine the right to immediate possession of the property. We overrule Black's sole issue.

### CONCLUSION

We affirm the judgment of the county court at law.

---

2. Black argues that the justice court, or county court on appeal, cannot rely on Washington Mutual's warranty deed alone to determine who is entitled to immediate possession. However, Black misrepresents the record to the extent that she asserts that the warranty deed was the sole piece of evidence supporting the right to possession.

3. "Forcible detainer actions are cumulative of any other remedy that a party may have in the courts of this state." *Salaymeh v. Plaza Centro, L.L.C.,* 264 S.W.3d 431, 436 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (citing *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936)).