

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00324-CV

PEDRO CHAVEZ GARCIA                                          APPELLANT

V.

HSBC BANK                                                      APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant Pedro Chavez Garcia appeals the trial court's award of possession of 4398 Republic Drive, Frisco, Texas to appellee HSBC Bank. We will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

HSBC filed a petition for forcible detainer in the justice of the peace court. A trial was held, and the court rendered judgment in favor of HSBC. Chavez Garcia appealed to the county court, which tried the case de novo. *See* Tex. R. Civ. P. 749, 751. The county court also rendered judgment in favor of HSBC. Chavez Garcia now appeals to this court.

## Forcible Detainer

In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession; the merits of whether a party has title may not be determined. *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Thus, questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit." *Williams*, 315 S.W.3d at 927; *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709.

**Standard of Review**

Chavez Garcia argues on appeal that the evidence was insufficient to support the trial court's finding that HSBC owned the property. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)

(op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

## Discussion

Chavez Garcia argues that because the mortgage agreement was between Chavez Garcia and Fieldstone Mortgage Company (not HSBC), HSBC cannot enforce the deed of trust. HSBC was not required to prove it had valid title to the property in order to prevail. As noted above, in a forcible detainer action, the plaintiff "is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709. At trial, HSBC presented the deed of trust signed by Chavez Garcia, the substitute trustee's deed showing that HSBC acquired the property at a foreclosure sale on April 5, 2011, and the notice to Chavez Garcia to vacate the property. This evidence is generally sufficient to establish a superior right of possession. *See Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (holding that a deed of trust, a substitute trustee's deed, and notices to the defendant to vacate were sufficient to establish the plaintiff's right to immediate possession); *Williams*, 315 S.W.3d at 927 (holding that plaintiff proved its right to possession of the property by presenting the substitute trustee's deed, the deed of trust, and notice to defendant to vacate). We therefore hold that the evidence is legally and factually sufficient to support the trial court's judgment. We overrule Chavez Garcia's issue.

**Conclusion**

Having overruled Chavez Garcia's issue, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  January 19, 2012