02-11-324-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00324-CV

 

 


 
 
 Pedro Chavez Garcia
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 HSBC Bank
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 2 OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In
one issue, appellant Pedro Chavez Garcia appeals the trial court’s award of
possession of 4398 Republic Drive, Frisco, Texas to appellee HSBC Bank.  We
will affirm the trial court’s judgment.

Background
Facts

          HSBC
filed a petition for forcible detainer in the justice of the peace court.  A
trial was held, and the court rendered judgment in favor of HSBC.  Chavez
Garcia appealed to the county court, which tried the case de novo.  See
Tex. R. Civ. P. 749, 751.  The county court also rendered judgment in favor of HSBC. 
Chavez Garcia now appeals to this court.

Forcible
Detainer

In a
forcible detainer action, the only issue the trial court determines is whether
the party seeking to obtain possession is entitled to actual and immediate
possession; the merits of whether a party has title may not be determined.  See
Tex. R. Civ. P. 746; Black v. Wash. Mut. Bank, 318 S.W.3d 414, 416 (Tex.
App.—Houston [1st Dist.] 2010, pet. dism’d w.o.j.); Williams v. Bank of N.Y.
Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).  Thus,
questions over whether a sale of property in a deed of trust is invalid “must
be brought in a separate suit.”  Williams, 315 S.W.3d at 927; Rice v.
Pinney, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.).  “To
prevail in a forcible detainer action, a plaintiff is not required to prove
title, but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.”  Rice, 51 S.W.3d
at 709.

Standard
of Review

          Chavez
Garcia argues on appeal that the evidence was insufficient to support the trial
court’s finding that HSBC owned the property.  We may sustain a legal
sufficiency challenge only when (1) the record discloses a complete absence of
evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a vital
fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  In determining whether there is legally sufficient evidence to
support the finding under review, we must consider evidence favorable to the
finding if a reasonable factfinder could and disregard evidence contrary to the
finding unless a reasonable factfinder could not.  Cent. Ready Mix Concrete
Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).

When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the
credible evidence supporting the finding is so weak, or so contrary to the
overwhelming weight of all the evidence, that the answer should be set aside and
a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986) (op. on reh’g); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

Discussion

Chavez
Garcia argues that because the mortgage agreement was between Chavez Garcia and
Fieldstone Mortgage Company (not HSBC), HSBC cannot enforce the deed of trust. 
HSBC was not required to prove it had valid title to the property in order to
prevail.  As noted above, in a forcible detainer action, the plaintiff “is only
required to show sufficient evidence of ownership to demonstrate a superior
right to immediate possession.”  Rice, 51 S.W.3d at 709.  At trial, HSBC
presented the deed of trust signed by Chavez Garcia, the substitute trustee’s
deed showing that HSBC acquired the property at a foreclosure sale on April 5,
2011, and the notice to Chavez Garcia to vacate the property.  This evidence is
generally sufficient to establish a superior right of possession.  See Shutter
v. Wells Fargo Bank, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet.
dism’d w.o.j.) (op. on reh’g) (holding that a deed of trust, a substitute
trustee’s deed, and notices to the defendant to vacate were sufficient to
establish the plaintiff’s right to immediate possession); Williams, 315
S.W.3d at 927 (holding that plaintiff proved its right to possession of the
property by presenting the substitute trustee’s deed, the deed of trust, and
notice to defendant to vacate).  We therefore hold that the evidence is legally
and factually sufficient to support the trial court’s judgment.  We overrule
Chavez Garcia’s issue.

Conclusion

          Having
overruled Chavez Garcia’s issue, we affirm the judgment of the trial court.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  January 19, 2012









[1]See Tex. R. App. P. 47.4.