

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00106-CV

_____

WILLIAM WILSON, SHERRY A. WILSON, AND/OR
ALL OTHER OCCUPANTS, Appellants

V.

HSBC BANK USA, NATIONAL TRUST COMPANY, AS TRUSTEE, Appellee

On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court No. CC-11-04414-E

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

William and Sherry A. Wilson's residence in Lancaster,[1] Texas, was sold at foreclosure sale.[2] The purchaser, HSBC Bank USA, National Trust Company, as Trustee for the Holders of MASTR RePerforming Loan Trust 2005-2 (the Bank), was not the original beneficiary under the deed of trust. After the sale, the Wilsons did not move out; so the Bank, through a forcible entry and detainer action,[3] sought an order of possession. From a judgment awarding the Bank possession of that residence, the Wilsons appeal. That judgment is affirmed.

The Wilsons argue that the trial court erred in awarding possession to the Bank, because there is no landlord-tenant relationship here.[4] Because we find that, under the terms of the deed of trust, the Wilsons were tenants at sufferance of the Bank, the trial court's judgment is affirmed.

To regain possession of real property held by a hold-over tenant, one may pursue an action for forcible detainer. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). One "who refuses to surrender possession of real property on demand commits a forcible detainer

---

[1] Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] The residence was sold May 3, 2011, in a nonjudicial foreclosure proceeding.

[3] The forcible entry and detainer suit named as defendants "William Wilson, Sherry A. Wilson, and/or Other Occupants of 818 Rea Avenue, Lancaster, Texas 75146." Since there appears to be no issue regarding any other occupants, this opinion will simply refer to "the Wilsons."

[4] The Wilsons' original deed of trust, dated August 12, 2003, was in favor of AmericaHomeKey, Inc.

2

if the person . . . (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease." TEX. PROP. CODE ANN. § 24.002 (West 2000). In a forcible detainer action, the sole issue is "who has the right to *immediate* possession." *Rice*, 51 S.W.3d at 709.

Paragraph 18 of the Wilsons' deed of trust described the foreclosure procedure which could occur in the event of default. The deed of trust further provided:

> If the Property is sold pursuant to this Paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After the Wilsons defaulted on the loan, the property was sold to the Bank.[5]

The Wilsons argue that a landlord-tenant relationship must exist "between the parties." They complain that the beneficiary of the deed of trust and the party entitled to enforce it was "MERS/Mortgage Electronic Registration Systems, Inc., a separate corporation acting solely as nominee of AmericaHomeKey, Inc. and its successors and assigns."[6] They challenge Wells Fargo's right to authorize the foreclosure, point out that the term "Current Mortgage" was not defined in the affidavit of the mortgage servicer, and dispute the substitute trustee's right to act

---

[5]The sale occurred at the instruction of Wells Fargo Bank, N.A., "acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a mortgage servicing agreement concerning the Note dated 08/12/2003 and Deed of Trust described above."

[6]The parties do not raise the issue of any third-party beneficiaries contained in the deed of trust.

"for the legitimate beneficiary of the Deed of Trust."

The Wilsons' complaints herein may, in part, challenge the validity of the foreclosure action. Such challenges are misplaced. "Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action." *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd w.o.j.) (citing *Shutter v. Wells Fargo Bank*, *N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.)). "Such defects must be pursued, if at all, in a separate suit[7] for wrongful foreclosure or to set aside the substitute trustee's deed." *Id*.

Yet, "[w]here a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Id.* Here, the trustee's deed to the Bank states that the foreclosure sale was conducted under the terms of the deed of trust. The deed of trust provided that the Wilsons "or any person holding possession of the Property through" them was required to "immediately surrender possession of the Property to the purchaser at that [foreclosure] sale" or be considered a "tenant at sufferance." There is no dispute that the Bank was the purchaser at the foreclosure sale. Therefore, the Bank was entitled to a judgment of possession. *See Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936) (deed of trust provision validly made deed-of-trust grantor tenant at will; thus supporting forcible

---

[7]The Wilsons filed a separate action in the District Court of Dallas County challenging the validity of the foreclosure sale.

4

detainer action by foreclosure purchaser); *Modelist v. Deutsche Bank Nat'l Trust Co.*, No. 14-09-00134-CV, 2010 WL 3002099, at **1, 3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2010, pet. dism'd w.o.j.) (mem. op.) (provision in deed of trust that borrower "shall immediately surrender possession of the Property to the purchaser at [foreclosure] sale . . ." and "[i]f possession is not surrendered, [borrower] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding" was sufficient independent basis to award possession to purchaser at foreclosure sale); *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (language in deed of trust that "[i]f possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession" was sufficient to determine purchaser at foreclosure sale was entitled to immediate right of possession); *Ebert v. Day*, No. 03-04-00264-CV, 2004 WL 2814322, at *1 n.1 (Tex. App.—Austin Dec. 9, 2004, no pet.) (mem. op.) (provision in deed of trust stating "[a]fter a [foreclosure] sale under this Deed of Trust, Grantors shall be mere tenants at sufferance of the purchaser at said sale" was sufficient to establish required landlord-tenant relationship).

     The judgment of the trial court is affirmed.


                    Josh R. Morriss, III
                    Chief Justice


Date Submitted:     February 21, 2012
Date Decided:       February 22, 2012