**Affirmed and Memorandum Opinion filed May 5, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-01143-CV

**LEROY STROMAN, Appellant**

**V.**

**ROXANN MARTINEZ, Appellee**

**On Appeal from the County Court at Law No. 2 & Probate Court
Brazoria County, Texas
Trial Court Cause No. CI49950**

## M E M O R A N D U M    O P I N I O N

In this appeal from a forcible detainer action, appellant Leroy Stroman appeals the justice court's award of possession of a property adjoining Stroman's residence to appellee Roxann Martinez. Stroman contends that the justice court lacked jurisdiction to hear the case and that Martinez could not maintain a forcible detainer action against him. We affirm.

## FACTUAL BACKGROUND

This case involves real property located at 109 Sweeney Avenue in West Columbia, Texas (the Property). Stroman and Judy Danford originally purchased the Property in 1996 from Jennifer Hester, Julie Hester, and the estate of Johnnie Bob Hester. Stroman executed a promissory note in favor of the Hesters, which was secured by a deed of trust.

After Stroman defaulted on the note, the Property was deeded back to the Hesters in 1997. Sometime later, the Hesters conveyed the Property to John and Wanda Trevino. The Trevinos resided on the Property until September 2006, when a fire destroyed their home. The home was demolished by the City of West Columbia and the lot was cleared. Stroman, who resided at the adjoining property at 105 Sweeney Avenue, began to use the Property as his own, moving a shed onto the Property and storing lawn equipment and other items there.

In March 2010, Brazoria County, along with other taxing authorities, filed a suit for delinquent taxes on the Property, apparently naming the Trevinos, the Hesters, and Stroman as owners of the Property.[1] On October 2, 2012, the Property was sold at a sheriff's sale to Martinez.

Martinez filed her eviction action in the justice court after making a written demand to Stroman for possession. The justice court entered a judgment in Martinez's favor. Stroman appealed the judgment to the county court, where a bench trial was held. On October 31, 2013, the county court entered a final judgment awarding possession to Martinez. Stroman filed a motion for rehearing, which the county court denied. This appeal followed.

---

[1] Stroman alleges, without reference to evidence, that he was sued as an owner in the tax suit. Although Stroman testified below that he was named as an owner, the tax suit is not a part of our record.

2

**ANALYSIS OF STROMAN'S ISSUES**

In his first issue, Stroman contends that the justice court and the county court lacked jurisdiction to hear the case because Stroman had filed a trespass to try title case in the district court. In his second issue, Stroman contends that Martinez could not maintain a forcible detainer action against him because Stroman was never Martinez's tenant.

## I. Jurisdiction over the Forcible Detainer Action

Stroman first asserts that the justice court lacked jurisdiction to hear Martinez's forcible detainer suit because the case involves title to the Property. Because title was at issue, Stroman argues, the trial court should have dismissed the forcible detainer suit. Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court at law for trial de novo. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.— Dallas 2001, no pet.); *see* Tex. Prop. Code § 24.004. The appellate jurisdiction of the county court at law is confined to the jurisdictional limits of the justice court. *Rice*, 51 S.W.3d at 708; *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.— Houston [14th Dist.] 1993, no writ).

Although a justice court has jurisdiction over forcible detainers, the justice court, and the county court at law on appeal, lack jurisdiction to resolve title disputes. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). The only issue in an action for forcible detainer is the right to actual and immediate possession; the merits of title are not

adjudicated. *Salaymeh*, 264 S.W.3d at 435. To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Black*, 318 S.W.3d at 417; *Rice*, 51 S.W.3d at 709; *Goggins*, 849 S.W.2d at 377; *see* Tex. Prop. Code § 24.002.

At trial, Martinez presented undisputed evidence that she purchased the Property at a tax sale in October 2012 and obtained a Sheriff's Deed, which was recorded in the county records on October 19, 2012. Martinez also presented undisputed evidence that she gave Stroman notice to vacate, but he refused. Documentary evidence showed that Stroman had not been the record owner of the Property since 1997.

Stroman claims, however, that title was placed in issue because he informed the trial court that he had filed a trespass to try title suit, he had once possessed the Property, and the county's tax suit named him as an owner. Stroman also believed the Property was his homestead because it was contiguous to his land and he used it as one continuous property. Martinez also acknowledged that Stroman had a building, tools, and equipment on the Property. However, Stroman did not make the pleadings in his trespass to try title suit an exhibit and they are not in the record for our review. Moreover, on appeal, Stroman does not argue or cite to any authorities to support the viability of his title theories.

To the extent Stroman is arguing that merely filing a trespass to try title suit or raising the issue of property ownership is sufficient to divest the justice and county courts of jurisdiction in an eviction suit, we disagree. *See Rice*, 51 S.W.3d at 709–710 (rejecting argument that issues of title and possession are necessarily inseparable and require that title issue be resolved first). A justice court is deprived of jurisdiction only if resolution of the title dispute is a prerequisite to determining

4

the right to immediate possession. *See Black*, 318 S.W.3d at 417; *Salaymeh*, 264 S.W.3d at 435–36; *Rice*, 51 S.W.3d at 713. In other words, "it is only when the justice or county court *must* determine title issues that it is without jurisdiction to adjudicate a forcible detainer case." *Rice*, 51 S.W.3d at 713; *see Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (a justice or county court is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute").

Moreover, the cases Stroman cites as support for his position involved title disputes that necessarily required resolution before either party's superior right to immediate possession could be determined. For example, in *Saihat Corp. v. Miller*, Saihat acquired a property that was sold at a constable's sale to satisfy a judgment Miller had obtained against Edwards, who was living in the house on the property. *See* No. 01-11-00119-CV, 2013 WL 4634814, at *1 (Tex. App.—Houston [1st Dist.] Aug. 27, 2013, no pet.) (mem. op.). Saihat later learned that Edwards claimed the property was his homestead, which would have voided the sale. *See id.* at *3. Saihat filed suit in the county court at law to set aside the sale and also filed a forcible detainer suit in the justice court, which was appealed to a different county court at law. *Id.* at *1. Saihat appealed from adverse decisions in both cases and the two suits were consolidated for appeal. *Id.* The court dismissed Saihat's appeal of the forcible detainer action, holding that the lower courts lacked jurisdiction because neither could have determined whether Saihat had a superior right to possession based on the deed it acquired at the constable's sale without first determining whether the constable's sale was void. *Id.* at *6–7.

In *Mitchell v. Armstrong Capital Corp.*, Armstrong Capital acquired Mitchell's property at a non-judicial foreclosure sale based on Mitchell's alleged default on a builder's and mechanic's lien contract. *See* 911 S.W.2d 169, 170 (Tex.

5

App.—Houston [1st Dist.] 1995, writ denied). On appeal from Armstrong Capital's eviction action, the court held that Mitchell raised a title issue that deprived the court of jurisdiction because she asserted that non-judicial foreclosure was an improper means of foreclosing on a mechanic's and materialmen's lien, and she specifically gave notice that litigation to set aside the sale was pending in a particular district court. *Id.* at 171. In *Yarto v. Gilliland*, on which Stroman also relies, the court reviewed several cases, including *Mitchell*, and determined that a party claiming the existence of a title issue must at least "assert[] a basis for title ownership that is not patently ineffective under the law and [that] is intertwined with the issue of immediate possession." *See* 287 S.W.3d 83, 92–93 (Tex. App.—Corpus Christi 2009, no pet.).

Here, Stroman has not challenged the validity of either the tax sale or Martinez's deed. Instead, Stroman alleged at trial that he had a statutory right to redeem the property. *See* Tex. Tax Code § 34.21(a) (providing that an owner of real property sold at a tax sale may redeem the property by paying the purchase price at the tax sale plus a premium and additional costs). However, Stroman presented no evidence that he had, in fact, redeemed the Property or obtained a deed. Stroman also testified that he believed he owned the property because he had paid back taxes on the Property at some point after the Trevinos' house burned. But Stroman provided no documentation to support his claim, explaining that he lost much of his paperwork when his home flooded.[2] He also admitted that he did not receive a deed from the county at that time. On appeal, Stroman does not make any argument that an unexercised, purported right to redeem or a payment of back

---

[2] Additionally, the record transferred from the justice court includes a screenshot of Brazoria County tax office payment information on the Property, which does not show that Stroman ever paid any taxes on the Property. Stroman's original answer in justice court also alleges that Stroman "has *attempted* or by the time of the hearing in this cause, will have paid the funds due . . . ." (handwritten interlineation emphasized).

6

taxes alone raises an issue of title that necessarily must be determined before the superior right to possession can be determined.

Stroman further testified that he believed the Property was part of his homestead because it adjoined his residence at 105 Sweeney and he had placed a shed on the Property where he kept lawn equipment and other personal property. He also suggested that he owned the Property because Brazoria County named him as an owner in the tax suit. But Stroman makes no argument and provides no supporting authorities to explain how these facts provide a legal basis for title ownership that must be resolved before either the justice court or the county court could have determined which party had the superior right of possession. On these facts, Stroman has not demonstrated the existence of a genuine title dispute that necessarily had to be resolved before Martinez's superior right to immediate possession could be determined. *See Rice*, 51 S.W.3d at 713; *Haith*, 596 S.W.2d at 196.

Because the justice and county courts were not required to resolve a genuine issue of title before determining whether Martinez had a superior right to immediate possession, we conclude that the courts had jurisdiction to award the Property to Martinez. We overrule Stroman's first issue.

## II. Martinez's Standing to Bring a Forcible Detainer Action

In his second issue, Stroman contends that Martinez could not maintain a forcible detainer action against him. Martinez's form petition for eviction alleged that "Defendant has breached the terms of the agreement by holding the leased premises after termination of the agreement and written demand by Plaintiff for return of same." Stroman argues that, contrary to Martinez's petition, he was never Martinez's tenant or a holdover tenant. Therefore, Stroman urges, "the cause of action was in all things wrongfully brought" and Martinez "lacked standing to

bring such a cause of action." Stroman also argues that Martinez "could not show that she met the statutory requirements" to bring either a forcible detainer or a forcible entry and detainer action. *See Yarto*, 287 S.W.3d at 87 n.3 (explaining that forcible detainer and forcible entry and detainer are distinct causes of action that are often used interchangeably).

It is unclear exactly what Stroman is contending, but to the extent he is claiming that Martinez lacks standing to bring a forcible detainer action because Stroman was not her tenant, proof of a landlord-tenant relationship is an evidentiary issue, not a jurisdictional one. *See* Tex. Prop. Code § 24.002; *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied). And as discussed above, it is undisputed that Martinez demonstrated that she acquired the Property at a tax sale and gave Stroman notice to vacate, but he refused. Therefore, Martinez has standing to bring an eviction suit against Stroman. Further, the record contains evidence from which the trial court could have determined that Stroman, an "an occupant in naked possession after his right to possession has ceased," was a tenant at sufferance. *See Goggins*, 849 S.W.2d at 377; Tex. Prop. Code § 24.002(a)(2); *see also Jackson v. Mohammed*, No. 03-10-00763-CV, 2013 WL 1955862, at *7 (Tex. App.—Austin May 10, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that occupant was a tenant at sufferance when the record reflected no evidence of how occupant came to occupy the property and there was no evidence of forcible entry or a prior lease).

Finally, to the extent Stroman alleges a variation between the cause of action pleaded and the relief granted, he did not object to Martinez's pleadings or file special exceptions in the court below. *See* Tex. R. Civ. P. 90 (defects in the form or substance of pleadings are waived if not brought to the court's attention); *see also*

Tex. R. Civ. P. 67 (issues not raised in pleadings may be tried by express or implied consent). We overrule Stroman's second issue.

## Conclusion

We overrule Stroman's issues and affirm the county court's judgment.


/s/    Ken Wise
        Justice


Panel consists of Justices McCally, Brown, and Wise.