# NO. 12-14-00230-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLD PATTON AND DELORES PATTON, APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *LOANCARE, LLC, APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Harold and Delores Patton appeal the trial court's judgment evicting them from the residence that LoanCare, LLC recently purchased at a foreclosure sale. In two issues, the Pattons assert that the trial court erred in denying their motion to abate or consolidate this cause with their pending district court lawsuit, and the judgment is based on hearsay. We affirm.

## BACKGROUND

Harold and Delores Patton purchased property in Shelby County in 2009. LoanCare later became the beneficiary under the deed of trust. The Pattons defaulted on the mortgage payments and LoanCare purchased the property at a nonjudicial foreclosure sale. Because the Pattons would not vacate the premises, LoanCare instituted a forcible detainer proceeding in the Justice Court. That court found in favor of the Pattons, and LoanCare appealed the decision to the County Court of Shelby County.

While this suit was pending in county court, the Pattons filed a suit in the district court for wrongful foreclosure and breach of contract. In the county court, they filed a "Motion to Abate/Continue or, in the Alternative, to Consolidate." They asked the county court to dismiss or abate this action because a "superior" cause of action was pending in the district court.

Alternatively, they requested the court consolidate this case with the district court case "because the suits arose from the same transaction or series of transactions." The court overruled the motion. After a bench trial, the court found that the foreclosure sale was completed in accordance with the law, rendered judgment in favor of LoanCare, and ordered that the Pattons are evicted from the premises at issue.

**COUNTY COURT'S JURISDICTION**

In their first issue, the Pattons contend that the trial court's judgment was improper because a "superior" court had acquired jurisdiction of the issues in controversy. They assert that the claims in the county court should have been transferred to the district court where they filed the wrongful foreclosure cause of action. They argue that the district court has acquired jurisdiction over this case because it governs all of the interests and rights of the parties in the real property at issue. Further, they contend the claims are "compulsory counterclaims of each other." They argue that the county court action is limited to possessory rights, which are dependent on the determination of the district court action.

## Applicable Law

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Justice courts and, on appeal, county courts, have jurisdiction of forcible detainer suits. TEX. PROP. CODE ANN. § 24.004 (West 2014); TEX. R. CIV. P. 510.9; *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 82 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The sole issue in a forcible detainer action is which party has the right to immediate possession of the property. *Chinyere*, 440 S.W.3d at 82.

Justice courts and county courts are expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. §§ 26.043(8), 27.031(b) (West 2004 & Supp. 2014). Thus, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer action and must be brought in a separate suit. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). However, a justice court and, on appeal, a county court, is not deprived of jurisdiction of a forcible detainer action merely by the existence of a title dispute; rather, it is deprived of jurisdiction only if the right to immediate possession necessarily requires the resolution of a title dispute. *Black v.*

*Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). Thus, a forcible detainer action requires proof of a landlord-tenant relationship. *Yarbrough*, 455 S.W.3d at 280. Where a deed of trust established a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, an independent basis for possession exists on which the justice or county court could determine the issue of immediate possession without resolving the issue of title to the property. *Black*, 318 S.W.3d at 418. This is so even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.). A party may bring a separate lawsuit in the district court to address the title dispute. *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.— Dallas 2011, pet. denied).

## Analysis

Here, LoanCare's claim of the right to immediate possession was based on its purchase of the property at a foreclosure sale. The foreclosure was based on the Pattons' default on a note secured by a deed of trust on the property in question. The deed of trust is attached as an exhibit to the Pattons' motion and included in the record on appeal. The deed of trust executed pursuant to the lien agreement provides as follows:

> If the Property is sold pursuant to [a power of sale after acceleration following default], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The county court had before it documentation showing that LoanCare purchased the property at a foreclosure sale creating a landlord and tenant-at-sufferance relationship between the Pattons and LoanCare. *See Black*, 318 S.W.3d at 418. Under these circumstances, it was not necessary for the county court to determine the issue of title to the property. *Id*. Forcible detainer actions in justice and county courts may be prosecuted concurrently with title disputes in

3

district court. *See **Scott v. Hewitt***, 90 S.W.2d 816, 819 (Tex. 1936). Therefore, the county court appropriately retained the forcible detainer action. We overrule the Pattons' first issue.

## HEARSAY

In their second issue, the Pattons assert that the trial court erred in granting judgment in favor of LoanCare because its evidence regarding the underlying account activity was based on hearsay. They argue that LoanCare's witness had no personal knowledge of the account and "the affidavit testimony on these issues should have been excluded."

The judgment recites that the court heard evidence and reviewed exhibits. However, the record on appeal does not contain a reporter's record of the hearing or a document illustrating that the Pattons requested one. It was their burden to request and pay for a record showing reversible error. TEX. R. APP. P. 35.3(b); ***Englander Co. v. Kennedy***, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam). Where no reporter's record is filed, we presume that the evidence adduced at the hearing supports the court's order. *See* TEX. R. APP. P. 37.3(c); ***In re Guardianship of Berry***, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no pet.) (per curiam). We overrule the Pattons' second issue.

## DISPOSITION

Having overruled the Pattons' issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2015

NO. 12-14-00230-CV

**HAROLD PATTON AND DELORES PATTON,**
Appellants
V.
**LOANCARE, LLC,**
Appellee

Appeal from the County Court

of Shelby County, Texas (Tr.Ct.No. 2014-4404CV)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **HAROLD PATTON** and **DELORES PATTON**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*