**Opinion issued December 10, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00028-CV**

———————————

**MALIKA RILEY, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR FOR THE ESTATE OF PATRICA NADINE BENTON, DECEASED; JAMES BENTON; AND ARTHUR JERMAYNE BENTON,** Appellants

**V.**

**DEAN M. DEANDA, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1162682**

---

# O P I N I O N

This appeal arises out of a forcible detainer lawsuit. The appellants appeal from a final summary judgment evicting them from certain real property based on

Dean M. Deanda's superior right of possession. We vacate the judgment, dissolving any writ of possession that may have issued under it, and dismiss the lawsuit.

## BACKGROUND

In the justice court, Deanda sued to evict the appellants, alleging he is the owner of the real property located at 2434 Broad Street, Baytown, Texas 77521. Deanda claimed ownership under a general warranty deed signed March 18, 2017.

The appellants did not appear at trial, and the justice court rendered a judgment in Deanda's favor that required them to vacate the premises. The appellants then appealed from the justice court's judgment to the county court.

In the proceedings in the county court, Deanda made the same basic allegations but instead relied on a general warranty deed dated November 26, 2019. He explained that he previously had relied on the wrong general warranty deed.

The appellants counterclaimed, asserting they are the owners of the real property in dispute through adverse possession and that Deanda's title is invalid because his deed postdates their acquisition through adverse possession. Specifically, they alleged their mother had acquired an adjacent parcel through a September 12, 1999 general warranty deed but then mistakenly placed her mobile home on the property in dispute. Their mother then lived on the property in dispute continuously until her death in 2019, when the appellants inherited through her. Because no one contested their mother's presence on the property in dispute within

the 10-year period for the acquisition of real property through adverse possession, their mother acquired ownership of the disputed property, which they inherited.

The appellants also moved to dismiss Deanda's suit for lack of jurisdiction. They argued that because the parties disputed title, both the justice court and the county court on appeal lacked jurisdiction to resolve the right to possession.

The county court denied the motion to dismiss for lack of jurisdiction.

Deanda moved for summary judgment, attaching his affidavit, the November 26, 2019 general warranty deed, and other documents. He argued these documents prove that he has a superior right to possession of the property at issue because they show he is the property owner while the appellants are mere tenants at will.

The appellants opposed summary judgment on the basis that a genuine issue of material fact exists as to who has title. Among other documents, the appellants attached an unofficial copy of the September 12, 1999 general warranty deed.

The appellants also filed a separate suit in the district court against Deanda and the person who purported to convey title to him in the November 26, 2019 general warranty deed. The appellants sought a declaratory judgment that they have title to the disputed property, and they likewise asserted various fraud-related claims.

Based on the suit in the district court, the appellants asked the county court to abate the eviction proceeding. The county court denied their motion to abate.

The county court initially denied Deanda's summary-judgment motion in the eviction suit, and Deanda then sought reconsideration. On reconsideration, the county court granted summary judgment in Deanda's favor and entered a final summary judgment that ordered the appellants to vacate the disputed property.

The appellants timely moved for a new trial or reconsideration of the final summary judgment. Later, they filed a second, untimely new-trial motion, to which they attached a partially redacted October 19, 2020 title report. This report states that their late mother had title to a certain piece of real property. But on its face, the title report does not show it pertains to the real property that is in dispute in this suit.

The county court denied both new-trial motions. The appellants appeal.

## DISCUSSION

The appellants raise three issues on appeal. They first argue that the justice court and county court lacked subject-matter jurisdiction because the appellants raised an issue concerning title to the disputed property that is so intertwined with the issue of possession that it must be litigated in the district court, which has jurisdiction. Moreover, the appellants maintain that we must reverse the judgment for two additional reasons even if the justice court and county court had jurisdiction. The appellants argue that the county court lost plenary power before it rendered summary judgment. Assuming the county court's plenary power had not expired,

4

the appellants argue the summary-judgment evidence shows that a genuine issue of material fact exists regarding the validity of the general warranty deeds at issue.

## Subject-Matter Jurisdiction

### *Standard of Review*

Whether a court has subject-matter jurisdiction to hear a forcible detainer suit is a question of law, which we review de novo. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

### *Applicable Law*

A lawsuit for forcible detainer is one type of suit for eviction from real property. *See* TEX. PROP. CODE § 24.004(a) (providing that eviction suits include forcible detainer suits). The sole issue to be decided in a forcible detainer suit is the entitlement to actual and immediate possession of the real property at issue. *Black*, 318 S.W.3d at 416. The merits of the title may not be adjudicated in the suit. *Id.*

In general, a justice court has subject-matter jurisdiction to hear a forcible detainer suit but lacks jurisdiction to adjudicate title. TEX. GOV'T CODE § 27.031(a)(2), (b)(4); TEX. PROP. CODE § 24.004. A party may appeal from its judgment to the applicable county court for trial de novo. TEX. R. CIV. P. 510.10(c). The county court's jurisdiction on appeal is no greater than the justice court's. *See Black*, 318 S.W.3d at 416–17 (stating county court cannot adjudicate title either).

But justice courts and county courts are not deprived of jurisdiction by the mere existence of a title dispute. *Id.* at 417. Instead, they lack jurisdiction only if the right to immediate possession necessarily turns on resolution of the title dispute. *Id.*; *see also Chinyere v. Wells Fargo Bank*, 440 S.W.3d 80, 83 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (explaining that whether title dispute is so intertwined with possession as to deprive justice court and county court of jurisdiction over forcible detainer suit generally depends on whether plaintiff has basis independent of defendant's claimed right of title that gives him superior possession rights); *Morris v. Am. Home Mortg. Serv.*, 360 S.W.3d 32, 34–35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting that suit disputing title in district court does not deprive justice court of jurisdiction over forcible detainer suit when title and right to immediate possession are not intertwined and that both suits may proceed concurrently). Hence, when the right to immediate possession can be decided on a basis independent of any title dispute, such as when there is a landlord–tenant relationship between the parties, the title dispute does not deprive the justice court or county court of jurisdiction over the forcible detainer suit. *See Morris*, 360 S.W.3d at 34 ("The existence of a landlord–tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title.").

To refute the jurisdiction of a justice court or county court to hear a forcible detainer suit on the basis of a title dispute, a defendant need only make factual

allegations that amount to a claim of title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession. *See, e.g.*, *Mitchell v. Armstrong Cap. Corp.*, 911 S.W.2d 169, 170–71 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding that defendant raised title dispute and thereby established lack of subject-matter jurisdiction in forcible detainer suit by alleging other side's substitute trustee deed was void and giving notice that litigation was pending in district court to set aside nonjudicial foreclosure sale).[1]

It has long been established that a defendant's assertion of an adverse possession claim that is not defective on its face is one circumstance in which a title dispute is inextricably intertwined with the right to immediate possession. *See, e.g.*, *Gentry v. Marburger*, 596 S.W.2d 201, 203 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (recognizing claim of adverse possession raised title dispute and title dispute deprived justice court of jurisdiction over forcible detainer suit); *see also Pina v. Pina*, 371 S.W.3d 361, 366 (Tex. App.—Houston [1st Dist.] 2012, no pet.)

---

[1] We and other courts of appeals have sometimes characterized this standard as requiring "specific evidence." *See, e.g.*, *Flowers v. Invest Home Pro*, No. 01-21-00413-CV, 2023 WL 138870, at *2 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.) (mem. op.) (stating that to raise issue of title that defeats jurisdiction in forcible detainer suit, party must provide specific evidence of title dispute but clarifying that in this particular context specific evidence merely consists of assertions comprising party's title claim). However, we eschew the phrase "specific evidence" because it misleads rather than informs, as the standard is one of pleading rather than proof. *See id.*; *Mitchell*, 911 S.W.2d at 170–71 (holding allegations in answer and plea in abatement established unresolved title dispute that deprived justice court and county court of jurisdiction over forcible detainer suit without using phrase "specific evidence" or relying on evidence).

(noting *Gentry*'s holding regarding adverse possession, title, and jurisdiction); *Manley v. Young*, No. 01-03-00199-CV, 2004 WL 1516434, at *1 (Tex. App.—Houston [1st Dist.] July 8, 2004, no pet.) (mem. op.) (rejecting argument that adverse possession claim created title dispute depriving justice court and county court of jurisdiction because adverse possession claim was facially defective, inasmuch as defendant's own representations showed his adverse possession claim "never ripened into a title claim because he occupied the property for less than five years").

### *Analysis*

Here, no landlord–tenant relationship exists between Deanda and the appellants, which is one indication that the justice court and county court lacked subject-matter jurisdiction over the forcible detainer suit. *See Chinyere*, 440 S.W.3d at 83–84 (explaining that existence of landlord–tenant relationship provides basis for court to determine right to immediate possession independent of title disputes and that lack of landlord–tenant relationship thus suggests lack of jurisdiction).

In addition, the appellants unambiguously alleged in the county court that they own the real property in dispute through adverse possession. On appeal, they continue to assert this claim. Their claim of adverse possession is not defective on its face. *See Dyer v. Cotton*, 333 S.W.3d 703, 710 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("To prove adverse possession, a claimant must establish six elements: (1) actual possession of the disputed property, (2) that is open and notorious, (3) that

8

is peaceable, (4) under a claim of right, (5) that is adverse or hostile to the claim of the owner, and (6) consistent and continuous for the duration of the statutory period."). Thus, this title dispute deprived the lower court of subject-matter jurisdiction over the forcible detainer suit. *Gentry*, 596 S.W.2d at 203; *accord Jackson v. Ethridge*, No. 01-21-00667-CV, 2023 WL 2249203, at \*6–7 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, no pet.) (mem. op.) (noting that several courts, including ours, "have held that when a party asserts a claim of adverse possession, the party raises a title issue that is necessarily intertwined with the issue of possession and that deprives the justice and county courts of jurisdiction over the forcible detainer action" and hewing to this holding, leaving issue of whether defendant could ultimately prevail on adverse possession claim for district court).

We sustain the appellants' first issue as to subject-matter jurisdiction.

## Other Appellate Issues

Because the appellants' complaint regarding subject-matter jurisdiction is dispositive, we do not address their other appellate issues. *See* TEX. R. APP. P. 47.1 (providing we must issue written opinion that is as brief as practicable but addresses every issue raised and necessary to final disposition of appeal); *Mitchell*, 911 S.W.2d at 171 (declining to address further issues after determining that justice court and county court lacked subject-matter jurisdiction over forcible detainer suit).

9

**CONCLUSION**

We vacate the judgment, dissolving any writ of possession that may have issued under it, and dismiss this suit for lack of jurisdiction. TEX. R. APP. P. 43.2(e).


Gordon Goodman
Justice

Panel consists of Justices Goodman, Guerra, and Gunn.