Christopher PINA and Steve Pina, Appellants,

v.

Erika Y. PINA and Nancy M. Pina, Appellees.

No. 01–10–00847–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 2012.

Craig Kenward Ribbeck, The Ribbeck Law Firm, PLLC, Houston, TX, for Appellants.

Erika Y. Pina, Houston, TX, pro se.

Nancy M. Pina, Houston, TX, pro se.

Robbie Gail Charette, Houston, TX, for Appellees.

Panel consists of Justices JENNINGS, MASSENGALE, and HUDDLE.

## OPINION

TERRY JENNINGS, Justice.

Appellants, Christopher Pina and Steve Pina, challenge the county court's judgment entered in favor of appellees, Erika Y. Pina and Nancy M. Pina, in Erika and Nancy's forcible entry and detainer suit against Christopher and Steve. In their sole issue, Christopher and Steve contend that the county court lacked subject-matter jurisdiction over Erika and Nancy's forcible entry and detainer lawsuit.

We vacate and render a judgment dismissing Erika and Nancy's forcible entry and detainer lawsuit.

## Background

Erika, Nancy, Christopher, and Steve are siblings. Erika and Nancy initially filed a Sworn Complaint for Eviction in justice court against Christopher and Steve, seeking to evict their brothers from a home and property in which their mother, Irma Mendoza, had lived prior to her death. In their complaint, Erika and Nancy identified themselves as the owners of their deceased mother's property and alleged that one of the brothers had criminally assaulted them. Erika and Nancy also declared that there was not a lease on the property. The justice court entered judgment in favor of Erika and Nancy. And it ordered that they recover possession of the property from Christopher and Steve. The justice court set an appeal bond of $2,250 and ordered that Christopher and Steve pay a monthly rental amount of $750 to remain in the property during any appeal.

Christopher and Steve appealed the justice court's judgment to county court, and they filed an answer generally denying Erika and Nancy's allegations. The county court conducted a hearing at which attorneys for both Erika and Nancy and Christopher and Steve appeared. There was no testimony presented at this hearing, and none of the parties introduced any documents into evidence. However, counsel for Erika and Nancy and counsel for Christopher and Steve each made opening statements and arguments to the county court regarding the right to immediate possession of the property.[1] In her opening statement, Erika and Nancy's counsel explained that all four litigants were children of Mendoza, who had died on January 14, 2010, while she was at the home of Nancy. Counsel further explained that there were multiple houses located on the property owned by Mendoza, Steve had moved into one of the houses in March 2010, and Christopher had begun collecting rent from an unrelated tenant who was occupying one of the other houses on the property. At some point after Mendoza's death, Erika and Nancy learned that their mother had executed and filed a deed that gave them title to the property. Counsel explained that Christopher and Steve, in April 2010, physically assaulted Erika and Nancy. After the assault, Erika and Nancy filed the forcible entry and detainer suit in justice court and sought to recover back rent, court costs, and attorney's fees from their brothers.

In his opening statement and arguments, counsel for Christopher and Steve explained that at the time of her death, Mendoza's property had been "paid for"; one of the brothers had made the final payment on the mortgage on the property; the deed on which the sisters claimed title had been signed by Mendoza shortly before her death; Mendoza could not read or write in English and was infirm at the time that she allegedly signed the deed; the deed was procured through "outright forgery"; the deed was filed on January 12, 2010, two days before Mendoza's death; and one of the sons had lived with Mendoza and cared for her prior to her death. Counsel contended that the title claimed by the sisters was fraudulent and should be set aside, and counsel informed the county court that Christopher and Steve had filed a separate suit in the 164th District Court of Harris County alleging that the title that the sisters filed was fraudulent.[2]

1. It does appear that the trial court placed unidentified witnesses under oath before trial, but only the arguments of counsel are recorded in the reporter's record.

2. The record before us does not include a copy of the petition or any other filings from Christopher and Steve's suit filed in the 164th District Court. However, the reporter's rec-

After hearing the arguments of counsel, the county court noted that it could not entertain "collateral attacks on titles." It further stated, "It appears that best title at this point is in [Erika and Nancy], that there is a pending collateral attack on that title, which does need to be resolved by that court. My job is to grant judgment and issue the writ, and it is [the district court's] job to stay that if in equity [the district court] case so dictates." The county court then entered its written judgment in favor of Erika and Nancy, finding that Christopher and Steve were "guilty of forcible detainer" and ordering that Erika and Nancy recover possession of the property. The county court also awarded Erika and Nancy attorney's fees of $1,800, but conditioned this award on Erika and Nancy "ultimately prevail[ing] in the pending action [in district court] for declaratory judgment" "regarding the deed to the said property," and it set a supersedeas bond at $18,000.

Christopher and Steve subsequently filed an Emergency Motion to Modify Judgment in which they argued that the "issues as to the validity" of the sisters' title were being litigated in the district court. Christopher and Steve also filed a new-trial motion, in which they argued that the county court lacked jurisdiction over the forcible entry and detainer suit because of the pending lawsuit in the district court regarding title to the disputed property. The county court did not expressly rule on these motions.

## Jurisdiction

In their sole issue, Christopher and Steve argue that the county court lacked subject-matter jurisdiction over Erika and

Nancy's forcible entry and detainer lawsuit because there was a "genuine issue of title raised by the pending district court case" in which they were asserting that that the title held by Erika and Nancy, on which they claimed the right to immediate possession of the property, was fraudulent.

■ Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004). A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. *See* TEX. PROP.CODE ANN. § 24.004 (Vernon Supp.2011); TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon Supp.2011). And a forcible detainer suit may be appealed to the county court for a de novo review. TEX.R. CIV. P. 749; *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.-Houston [1st Dist.] 2010, pet. dism'd w.o.j.). However, the county court's jurisdiction is confined to the jurisdictional limits of the justice court. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.-Houston [1st Dist.] 2007, no pet.). And a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4)-(5). Thus, a county court that conducts a de novo review in a forcible detainer action is restricted to the jurisdictional limits that existed in the justice court, regardless of other statutory grants of jurisdiction. *Black*, 318 S.W.3d at 417.

■ In a forcible detainer action, the only issue to be determined is the entitlement to actual and immediate possession of real property, and the merits of whether

ord reflects that all parties agreed that this separate suit involved the dispute over the title to the property. In their motion for new trial, Christopher and Steve explained that

this separate lawsuit was subsequently transferred to Harris County Probate Court Number Two.

a party has title shall not be adjudicated. *See* TEX.R. CIV. P. 746; *Bruce v. Fed. Nat'l Mortg. Ass'n,* 352 S.W.3d 891, 893 (Tex. App.-Dallas 2011, no pet. h.); *Black,* 318 S.W.3d at 416. A forcible detainer action is intended to be a speedy, simple, and inexpensive method to obtain immediate possession of a property. *Marshall v. Housing Auth. of the City of San Antonio,* 198 S.W.3d 782, 787 (Tex.2006). And a forcible detainer action is "cumulative" of any other legal remedy that a party may have. *See Bruce,* 352 S.W.3d at 893; *Rice v. Pinney,* 51 S.W.3d 705, 708 (Tex.App.-Dallas 2001, no pet.); *Hong Kong Dev., Inc.,* 229 S.W.3d at 437. Thus, a party in a forcible detainer suit is entitled to bring a separate suit in a district court to determine the question of title. *Rice,* 51 S.W.3d at 709; *Villalon v. Bank One,* 176 S.W.3d 66, 70–71 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) ("Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court.").

 Although a justice court has subject-matter jurisdiction over a forcible detainer action, the justice court and a county court on appeal lack jurisdiction to resolve any questions of title beyond the immediate right to possession. *Black,* 318 S.W.3d at 417. A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, a justice or county court is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Bruce,* 352 S.W.3d at 893; *see also Dormady v. Dinero Land & Cattle Co., L.C,* 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.) ("[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.").

Courts have held that a county court can determine possession without quieting title to a property if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at a foreclosure sale. *See Villalon,* 176 S.W.3d at 71; *see also Bruce,* 352 S.W.3d at 893 ("Here, the Deed of Trust contains a provision that creates a landlord-tenant relationship, and this relationship provides an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property.") (citation omitted); *Black,* 318 S.W.3d at 418 (stating that because "the terms of the deed of trust expressly create a landlord and tenant-at-sufferance relationship between" party holding possession of property through borrower and purchaser of property at foreclosure sale, it was unnecessary for trial court to determine issue of title before granting possession to purchaser); *Rice,* 51 S.W.3d at 712–13 & n. 4 (Tex.App.-Dallas 2001, no pet.) ("[O]ne indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking.").

Here, there is no deed of trust provision that would provide an independent basis on which the county court could have determined the issue of immediate possession. *See id.* Rather, the dispute over possession of the property arose from Erika and Nancy's argument that they were entitled to immediate possession because their mother had signed a deed shortly before her death granting title to them and divesting Christopher and Steve, or Mendoza's estate, of any interest in the property.

 We conclude that the determination of the right to immediate possession of the property necessarily requires a resolution of the title dispute between Erika, Nancy,

Christopher, and Steve, and jurisdiction properly lies with the district court. *See Geldard v. Watson,* 214 S.W.3d 202, 208–09 (Tex.App.-Texarkana 2007, no pet.) (holding that justice court lacked jurisdiction over forcible detainer suit because disagreement over right of possession, which arose from familial dispute of homestead rights in property, "necessarily required an adjudication of the merits of title"); *Dass, Inc. v. Smith,* 206 S.W.3d 197, 201 (Tex.App.-Dallas 2006, no pet.) (holding that because landlord-tenant relationship between parties had ended and parties had subsequently entered into purchase agreement, determination of right to immediate possession necessarily required resolution of title dispute and, thus, jurisdiction was proper in district court); *Gibson v. Dynegy Midstream Servs., L.P.,* 138 S.W.3d 518, 524 (Tex.App.-Fort Worth 2004, no pet.) (concluding that issue of title raised by party's allegations of adverse possession was "integrally linked" to issue of possession); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) (holding that justice court lacked subject-matter jurisdiction over forcible detainer suit where pleadings raised issues of title by adverse possession and issue of "title to premises was directly involved"). Accordingly, we hold that the county court lacked jurisdiction over Erika and Nancy's forcible entry and detainer suit.

We sustain Christopher and Steve's sole issue.

## Conclusion

We vacate the judgment of the county court and render a judgment dismissing the forcible entry and detainer suit brought by Erika and Nancy.