Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-12-00230-CV

Herlinda **DILLARD**,
Appellant

v.

David **WAGGONER** and all other occupants,
Appellees

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 376559
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                   Sandee Bryan Marion, Justice
                   Rebecca Simmons, Justice

Delivered and Filed:  December 5, 2012

VACATED AND DISMISSED

Herlinda Dillard appeals the county court's judgment in a forcible detainer action. Because the issue of the right to immediate possession in the instant case requires resolution of a title dispute, we vacate the county court's judgment and dismiss the underlying cause.

### FACTUAL AND PROCEDURAL BACKGROUND

After Dillard's parents died, she continued to reside for several years in a house that had been owned by her father. Dillard subsequently consented to her niece, Frances Zavala, and her

boyfriend or common-law husband, David Waggoner, living with her.  Sometime later, Dillard contends that Zavala and Waggoner locked her out of the house, while Zavala and Waggoner contend that Dillard voluntarily moved from the home.

On February 23, 2012, Dillard filed a petition in justice court to evict Waggoner and the other occupants of the house.  Dillard also filed an Affidavit of Heirship dated the same date the petition was filed, which states that Dillard's parents died intestate survived by Dillard and her three siblings.  The justice court entered a judgment in favor of Dillard, and Waggoner appealed to county court.

The county court held a hearing on April 19, 2012.  At the hearing, Dillard's attorney explained the house passed by intestacy to Dillard and her three siblings, but he admitted that no probate or estate administration proceeding had ever been filed.  Zavala testified that the house was conveyed to her father, who is Dillard's brother, because he was the only son.  Zavala stated that the house had "always been inherited by the male."  Zavala produced two Affidavits of Heirship, dated March 21, 2012, attesting to the fact that Zavala's father inherited the house as the only male heir.  Zavala also produced a document from the Bexar County Appraisal District showing that the two affidavits were filed in the deed records.  Zavala testified that she had an issue with Dillard's Affidavit of Heirship because the "two affiants have rescinded."  At the conclusion of the hearing, the county court entered a judgment in favor of Waggoner and the other occupants of the house, concluding that Dillard did not meet her burden of proving that she had a superior right to possess the property.  The county court remarked that the case "sound[ed] more like a title dispute that would belong in another court, not in this court."

**DISCUSSION**

"Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). The county court's jurisdiction in such an appeal is confined to the jurisdictional limits of the justice court. *Pina v. Pina*, 371 S.W.3d 361, 364 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* The issue of subject matter jurisdiction may be raised sua sponte by an appellate court. *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.).

"In a forcible detainer action, the only issue to be determined is the entitlement to actual and immediate possession of real property, and the merits of whether a party has title shall not be adjudicated." *Pina*, 371 S.W.3d at 364-65; *see also Dormady*, 61 S.W.3d at 557 (noting justice courts are without jurisdiction to adjudicate title to land). "[I]if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady*, 61 S.W.3d at 557. Therefore, where determination of the right to immediate possession requires adjudication or resolution of a title dispute, the justice court is deprived of jurisdiction. *Pina*, 371 S.W.3d at 365; *Geldard*, 214 S.W.3d at 206; *Dormady*, 61 S.W.3d at 557. "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Dormady*, 61 S.W.3d at 558.

In *Pina v. Pina*, two sisters filed a forcible entry and detainer suit against their two brothers. 371 S.W.3d at 363. The property in question had been owned by the siblings' mother prior to her death. *Id.* The justice court ordered that the sisters recover possession of the property, and the two brothers appealed to county court. *Id.* The sisters claimed that their

mother had executed and filed a deed conveying the property to them. *Id*. The brothers claimed their mother could not read or write in English, and their mother was infirm at the time she allegedly signed the deed. *Id*. The brothers further claimed that the deed was procured through "outright forgery" and was filed only two days before their mother's death. *Id*. Acknowledging that a separate suit regarding title to the property was pending in district court, the county court concluded that "best title" at that point was in the sisters. *Id*. at 364. The brothers then appealed to the Houston court of appeals. *Id*. at 362.

After reviewing the law previously cited, the Houston court noted, "the dispute over possession of the property arose from [the sisters'] argument that they were entitled to immediate possession because their mother had signed a deed shortly before her death granting title to them and divesting [their brothers and their mother's estate] of any interest in the property." *Id*. at 365. The court then held "that the determination of the right to immediate possession of the property necessarily requires a resolution of the title dispute between [the siblings], and jurisdiction properly lies with the district court." *Id*. at 365-66; *see also Geldard*, 214 S.W.3d at 209 (holding county court lacked jurisdiction over forcible detainer action because determination of right to possession necessarily required an adjudication of the merits of title between appellee, claiming title by conveyance, and appellant, claiming a homestead right).

Similarly, in the instant case, the right to immediate possession necessarily requires a determination of the manner in which title to the house passed after the death of Dillard's parents. Accordingly, neither the justice court, nor the county court on appeal, had jurisdiction. *Dormady*, 61 S.W.3d at 558.

## CONCLUSION

Because the county court lacked subject matter jurisdiction to render a judgment, we vacate the county court's judgment and dismiss the underlying forcible detainer cause. *See Pina*, 371 S.W.3d at 366; *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 772 (Tex. App.—Amarillo 2008, no pet.).

Catherine Stone, Chief Justice