Opinion issued April 19, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00225-CV

———————————

**AARON CHEVALIER, Appellant**

**V.**

**W.M. ROBERSON, Appellee**

---

**On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1058132**

---

## MEMORANDUM OPINION

In this forcible detainer suit, the county court at law awarded possession of a residence to W.M. Roberson. On appeal, Aaron Chevalier contends that the trial court erred in failing to dismiss Roberson's suit for lack of subject matter

jurisdiction, refusing to consider Chevalier's arguments based on res judicata and collateral estoppel, failing to disregard Roberson's evidence of ownership and a landlord-tenant relationship, and denying Chevalier's motion for new trial. We affirm.

## Background

In 2011, Chevalier lived on the property located at 6922 Cluett St., in northwest Houston. According to Chevalier, he resided at the property as its caretaker at the request of Ronald Curtis, the grandson of the deceased record title owner, Ella Francis Townsend, and sole heir to the property.

Chevalier claims that Roberson appeared on the property in 2012 and informed him that he was taking the property from Curtis due to "misplacement of the deceased owner's will." Initially believing him, Chevalier executed a written rental agreement with Roberson. When Chevalier later contacted Roberson about a needed repair, Roberson told him that he did not have insurance on the property. According to Chevalier, he became suspicious of Roberson's ownership claim and subsequently learned though a search of the Harris County Appraisal District's website that Townsend's estate—not Roberson—was listed as the property owner. Chevalier stopped paying rent in November 2012.

Roberson thereafter filed a forcible entry and detainer suit against Chevalier in the justice court on February 13, 2013. The justice court ruled in favor of

2

Roberson, and Chevalier appealed the ruling to the county civil court at law. Following a bench trial, the county court signed a take-nothing judgment in Chevalier's favor on March 4, 2013. Roberson appealed, arguing that (1) the evidence was legally and factually insufficient to support the trial court's judgment; (2) Chevalier failed to comply with the service rules; and (3) the county court erred by failing to file findings of fact and conclusions of law. In a memorandum opinion, we affirmed the county court's judgment. *See Roberson v. Chevalier*, No. 01-13-003-7-CV, 2014 WL 3512767 (Tex. App.—Houston [1st Dist.] July 15, 2014, no pet.) (mem. op.).[1]

In January 2015, Roberson filed the instant suit against Chevalier, alleging that Chevalier had failed to pay rent and vacate the premises after termination of his right to possession. The justice court dismissed Roberson's suit, and Roberson appealed the judgment to the county court. The county court conducted a bench trial, during which the parties presented two competing deeds to the property— Chevalier presented a warranty deed allegedly signed by Townsend's sister who held an ownership interest, and Roberson presented a special warranty deed that was purportedly signed by Townsend before her death. The court reporter has certified that no reporter's record was made of the proceedings. After the trial de novo, the

---

[1]    There was no reporter's record of the trial in the first forcible detainer suit. *See Roberson v. Chevalier*, No. 01-13-003-7-CV, 2014 WL 3512767, *2 (Tex. App.— Houston [1st Dist.] July 15, 2014, no pet.) (mem. op.).

county court found Chevalier "guilty of forcible detainer" and entered judgment awarding possession of the premises to Roberson. Chevalier filed this appeal.

## Subject Matter Jurisdiction

In his first issue, Chevalier contends that the trial court erred in failing to dismiss Roberson's eviction suit because it lacked subject matter jurisdiction over the action. Specifically, he argues that when, as here, the issue of title is so intertwined with the issue of possession such that possession may not be resolved without first determining title, the county court at law, which does not have jurisdiction to determine the issue of title to real property, must dismiss the case.

### A. Applicable Law

The question of subject matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We must examine the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in favor of the pleader. *See id.*

The sole issue in a forcible detainer action is who has the right to actual and immediate possession of real property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.— Houston [1st Dist.] 2004, pet. denied) ("To preserve the simplicity and speedy nature

4

of the remedy of forcible detainer, the applicable rule of civil procedure provides as follows: "[T]he only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated."). A determination of title "shall not be adjudicated" in a forcible detainer action. *See Pina v. Pina*, 371 S.W.3d 361, 364–65 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, if the question of title is so intertwined with the issue of possession, possession may not be adjudicated without first determining title. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd).

Neither justice courts not county courts at law have jurisdiction to determine the issue of title to real property. *See* TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013) ("A justice court does not have jurisdiction of . . . a suit for trial of title to land"); *id.* § 26.043(8) (West 2004) ("A county court does not have jurisdiction in . . . a suit for the recovery of land"). Thus, if the issue of immediate possession requires resolution of a title dispute, neither the justice court nor the county court has jurisdiction to render a judgment for possession. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Villalon*, 176 S.W.3d at 70 (noting that in case involving genuine issue of title, neither justice court nor county court on appeal has jurisdiction).

A forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state. *See Bruce v. Fed. Nat'l*

5

*Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied). Thus, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Villalon*, 176 S.W.3d at 70; *Dormady*, 61 S.W.3d at 558.

## B. Analysis

On appeal, Chevalier asserts that the issue of title is so intertwined with the issue of possession in this case that the county court would have had to resolve the question of title first before rendering a judgment for possession. He argues that because the county court is without jurisdiction to do so, it erred in refusing to dismiss Roberson's forcible detainer suit.

In his sworn eviction petition styled "WM Roberson, Landlord (Plaintiff)" vs. Aaron Chevalier, Tenant (Defendant)," Roberson sought to evict Chevalier from the premises for failing to pay $825 per month in rent, refusing to vacate the premises after receiving notice of termination of his right to possession, and violating paragraph 28 of the parties' lease agreement (i.e., failure to vacate and pay rent). Taking these facts as true, they establish a landlord-tenant relationship between Chevalier and Roberson, and provided a basis for the county court to determine the right to immediate possession without resolving the question of the validity of the parties' competing deeds, an issue relating directly to who has title to the property.[2]

---

[2] Chevalier has the right to sue in district court to determine whose deed is valid. *See Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (noting tenant had right to sue in district court to determine whether

*See Villalon*, 176 S.W.3d at 70 (noting that to prevail in forcible detainer action, plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate superior right to immediate possession); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Accordingly, we hold that the county court was not deprived of subject matter jurisdiction, and we overrule Chevalier's first issue.

## Res Judicata and Collateral Estoppel

In his second issue, Chevalier argues that the trial court erred in failing to consider his arguments based on res judicata and/or collateral estoppel.

The doctrine of res judicata, also known as claim preclusion, "prevents the re-litigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have

---

landlord's deed should be cancelled because of wrongful disclosure); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism'd). Such a determination is independent of the county court's determination in the forcible detainer action that Roberson is entitled to immediate possession of the property. *See Villalon*, 176 S.W.3d at 71; *Dormady*, 61 S.W.3d at 559.

been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

The doctrine of collateral estoppel, also known as issue preclusion, "precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992). A party asserting the doctrine must prove that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action, and (3) the party against whom collateral estoppel is sought was a party in the first action. *Eagle Prop., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990); *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 174 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

In support of his contention that Roberson's suit is barred under these doctrines, Chevalier asserts that the arguments he presented to the trial court in the first suit—challenging the validity of Roberson's deed to the property and asserting that Roberson defrauded him into signing the lease agreement—as well as the evidence he presented at trial in support of those arguments were likewise presented at trial in this suit. However, because no reporter's record exists of the trial in this case or of the trial in the first forcible detainer suit, there is no record of what arguments were made to the trial court or what evidence was presented at trial in either case. *See Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 WL

8

5500487, at *6 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.) (noting that, in absence of reporter's record, record was silent regarding whether foreclosure sale purchaser relied on business records affidavit at trial, and thus, appeals court could not determine whether county court implicitly denied mortgagor's motion to strike affidavit in forcible detainer action); *Pyles v. Young*, No. 06-07-00066-CV, 2007 WL 4462738, at *2 (Tex. App.—Texarkana Dec. 21, 2007, no pet.) (mem. op.) (concluding defendant waived argument on appeal that plaintiffs failed to provide him with sufficient written demand for possession of property when there was no reporter's record of trial de novo showing what arguments were made to trial court). We therefore cannot say that Chevalier presented these arguments to the county court. We overrule Chevalier's second issue.

### Evidentiary Issues

In his third issue, Chevalier contends that Roberson failed to establish ownership of the property which is a necessary element of his right to possession. According to Chevalier, all of the evidence presented and arguments made at the first trial were subsequently presented and made at the second trial. He argues that because the county court obviously disregarded Roberson's evidence of ownership in the first trial (presumably because it ruled in Chevalier's favor), the county court erred when it refused to similarly assess the evidence in the second trial. In his fourth

9

issue, Chevalier contends that there is no evidence that a landlord-tenant relationship existed between the parties. Specifically, he argues that because Roberson presented an unsigned lease agreement at the second trial in support of his claim for possession, the trial court should have disregarded this evidence and dismissed Roberson's suit.

On appeal, it is the burden of the appellant to bring forward a sufficient record to show error by the trial court. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When a party raises an issue on appeal relying on evidence presented to the trial court, absent any record of what evidence the trial court considered, we must presume the trial court had before it and passed on all necessary facts to support the order or judgment. *See Callejas v. Fed. Nat. Mortg. Ass'n*, No. 01-10-00932-CV, 2011 WL 2923759, at *1 (Tex. App.— Houston [1st Dist.] July 21, 2011, pet. dism'd w.o.j.) (mem. op.) (concluding defendants could not prevail on evidentiary issues raised on appeal of forcible detainer action where no reporter's record existed of trial); *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341–42 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Accordingly, an appellant cannot prevail on any evidentiary issues in the absence of a reporter's record. *Nicholson*, 226 S.W.3d at 583. Here, as no reporter's record exists, we must presume that the trial court had before it and passed on all necessary facts to support its judgment. Accordingly, we overrule Chevalier's third and fourth issues.

**Newly Discovered Evidence**

In his fifth issue, Chevalier contends that the trial court erred in denying his motion for new trial based on newly discovered evidence showing that Roberson had made fraudulent claims to other properties.

A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). We review a denial of a motion for new trial for an abuse of discretion. *Id.* Every reasonable presumption will be made in favor of a trial court's order refusing a new trial. *Aldous v. Bruss*, 405 S.W.3d 847, 856 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In his second amended motion for new trial and on appeal, Chevalier argues that Roberson fabricated documents to obtain title to properties. In support of his claim, Chevalier points to exhibits D and E attached to his motion for new trial showing that Roberson was sued for fraud in another case in which he filed a "notice of adverse possession affidavit" substantially similar to the one filed in this case.[3]

---

[3] Exhibit D is the plaintiff's first amended petition filed in cause number 2014-59807, *Margaret A. Kostial v. Wendell M. Roberson*, 133rd District Court, Harris County, Texas. Exhibit E is Roberson's notice of adverse possession affidavit in that case.

11

Chevalier also relies on his attorney's affidavit attached to his motion, stating, in relevant part:

> Upon receiving the judgment in this cause in favor of the Plaintiff, I was informed by a colleague that Plaintiff has been allegedly attempting to assert ownership of other real estate through an Affidavit of Adverse Possession. After reviewing the case identified in Exhibit D of the Motion for New Trial, I determined that the facts of that case were similar to the claims made by Defendant in this case. . . . This evidence will go to prove that Plaintiff has a habit and pattern of asserting ownership over real estate without the right to do so. If this evidence is presented in a new trial, along with witnesses as to Plaintiff's conduct in similar matters, judgment for possession could be rendered in favor of Defendant. This evidence is independent of any other evidence at trial and is not cumulative.

The trial court did not abuse its discretion in denying Chevalier's motion for new trial. In conclusory fashion, Chevalier asserts that the newly discovered evidence was only discovered after trial, is not cumulative of any other evidence, and that it is likely that the court would have reached a different decision if the evidence had been presented at trial. *See In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.) (noting movant's mere allegations will not suffice to obtain new trial on basis of newly discovered evidence; rather, movant must introduce admissible evidence at hearing on motion for new trial establishing such essential facts as no prior knowledge on part of movant, prior diligence exercised by movant, and nature of newly discovered evidence); *Owens v. Mason*, No. 14-12-00207-CV, 2013 WL 2382836, at *11 (Tex. App.—Houston [14th Dist.] May 30, 2013, no pet.) (mem. op.). Chevalier provides no discussion of his efforts to discover

this evidence or how this evidence would likely have changed the outcome of his trial.[4]  *Aldous*, 405 S.W.3d at 856–57 (concluding trial court did not abuse its discretion in denying defendant's motion for new trial on ground of newly discovered evidence where defendant's motion provided no meaningful discussion of his efforts to discover newly discovered evidence and included no affidavit establishing his diligence).  Because Chevalier has not established that the trial court abused its discretion in denying his motion for new trial, we overrule his fifth issue.

**Judgment**

We affirm the judgment of the county court at law.

Russell Lloyd
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

---

[4]  The Harris County District Clerk's website reflects that the lawsuit styled *Kostial v. Roberson*, Cause No. 2014-59807, filed in the 133rd District Court, Harris County, Texas, was dismissed pursuant to the parties' agreed motion to dismiss on April 27, 2015, before Chevalier filed his appeal in this matter.