**Opinion issued July 11, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-18-00201-CV

————————————

### SELLUSYOURHOUSE.COM, LLC, Appellant

### V.

### RUSSELL WALKER AND/OR ALL OCCUPANTS OF 9325 GRADY STREET, HOUSTON, TEXAS, Appellee

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1104954**

---

### MEMORANDUM OPINION

This is an appeal from the county court's judgment dismissing a forcible-detainer action for lack of jurisdiction. A house buyer, SellUsYourHouse.com, LLC ("the Buyer") purchased real property from three siblings. The Buyer then filed a forcible-detainer action against a fourth sibling, Russell Glenn Walker, who

claimed to possess a one-fourth interest in the property. The justice court entered judgment for the Buyer, and, after a de novo trial, the county court reversed, holding that both courts lacked jurisdiction.

In two issues, the Buyer argues that (1) the county court erred in dismissing its suit because the evidence proves, as a matter of law, that the Buyer has a superior right to immediate possession of the property and (2) the county court abused its discretion in admitting documentary evidence that Walker possesses a one-fourth interest in the property because such evidence was unauthenticated and irrelevant.

We affirm.

## Background

This forcible-detainer action involves residential property located in Harris County, Texas ("the Property"). The Property was purchased in the early 1970s by Earnest Carl Johnson ("Earnest Sr.") and his wife, Isabel Marie Johnson (nee Walker).

Isabel died intestate decades later, on August 29, 2004. She was survived by Earnest Sr. and their four children, Earnest C. Johnson III ("Earnest Jr."), Carolyn Johnson, Sherriel Johnson, and appellee Russell Glenn Walker.[1] At the time of

---

[1]     The record indicates that Russell was Isabel's child from a previous relationship and that Earnest Sr. adopted him after he married Isabel.

2

Isabel's death, Russell was living on the Property with Isabel and Earnest Sr. After Isabel died, Russell continued to live on the Property, helping care for Earnest Sr.

Earnest Sr. died intestate about nine-and-a-half years later, on December 17, 2013. After Earnest Sr. died, Russell continued to live on the Property. However, Earnest Sr. and Isabel remained the Property's record title holders, as neither of their estates were probated.

Sometime in 2017, Russell's three siblings, Earnest Jr., Carolyn, and Sherriel, conveyed their interest in the Property to a company specializing in residential home buying, SellUsYourHouse.com, LLC (again, "the Buyer"). The record does not reflect the circumstances under which the conveyance took place or why Russell was not included in the deal.

On June 21, 2017, Russell filed an heirship affidavit with the Harris County Clerk. The affidavit consisted of the testimony of two disinterested witnesses, Benny Nelson and Aron Matton, who stated that they had known Earnest Sr. for years; that Earnest Sr. died on December 17, 2013 without leaving a will; and that he was survived by his four adult children, Russell, Earnest Jr., Carolyn, and Sherriel.

Twenty-two days later, on July 13, 2017, the Buyer recorded a general warranty deed with the Harris County Clerk. Under the deed, Earnest Jr., Carolyn, and Sherriel "granted, sold and conveyed" their interest in the Property to the

3

Buyer. The deed did not state whether the three siblings' collective interest in the property was partial or complete. Nor did the deed mention Russell or otherwise indicate whether Russell (or anyone else) owned an interest in the Property. After the Buyer recorded the deed, Russell continued to live on the Property.

Later that September, Russell received a statutory notice to vacate from the Buyer. The notice advised Russell that his possession of the Property had been terminated and demanded that he vacate the Property within three days. The notice further advised Russell that if he failed to vacate the Property within three days, the Buyer would file forcible-detainer action against him.

Russell did not comply with the demand, and, on December 18, 2017, the Buyer filed a forcible-detainer action in the justice court. In response, Russell filed a plea to the jurisdiction, arguing in part that the justice court lacked jurisdiction because the determination of possession in this case would require a determination of title. *See* TEX. GOV'T CODE § 27.031(b)(4) ("A justice court does not have jurisdiction of . . . a suit for trial of title to land.").

On January 18, 2018, the justice court held a bench trial, determined that the Buyer had a superior right to immediate possession, and rendered a judgment of possession for the Buyer. Russell appealed the justice court's judgment to the county court for a trial de novo. *See* TEX. R. CIV. P. 510.10(c).

On de novo appeal in the county court, Russell filed another plea to the jurisdiction, making the same arguments that he made in the justice court. The Buyer responded that the county court, like the justice court, had jurisdiction over its forcible-detainer action because whether Russell had title to the Property was unrelated to whether the Buyer had a superior right to immediate possession.

On February 12, 2018, the county court held a trial de novo. To establish a superior right to immediate possession of the Property, the Buyer presented (1) the deed by which Earnest Jr., Carolyn, and Sherriel conveyed their interest in the Property to the Buyer and (2) the statutory notice to vacate given to Russell. To show that the determination of possession requires the resolution of an underlying title dispute, Russell presented, over the Buyer's objections, (1) the heirship affidavit, (2) Russell's birth certificate, (3) Isabel's death certificate, and (4) Earnest Sr.'s death certificate. Russell asserted that these exhibits show that Earnest Sr. and Isabel died intestate and that his siblings and he each inherited a one-fourth interest in the Property. At the end of the trial, the county court found for Russell and dismissed the Buyer's suit.

The Buyer appeals.

**Admission of Jurisdictional Evidence**

We begin by considering the Buyer's second issue, in which the Buyer contends that the trial court abused its discretion in admitting the evidence Russell

5

used to show he possesses a one-fourth interest in the Property—i.e., the heirship affidavit, Russell's birth certificate, and Earnest Sr.'s and Isabel's death certificates.[2] The Buyer argues that the evidence was unauthenticated because the exhibits were copies of certified copies and not the original certified copies. And the Buyer argues that the evidence was not relevant because the plaintiff in a forcible-detainer suit is not required to prove title. We disagree on both counts.

First, a duplicate of an original certified copy satisfies the requirement of authentication. *See, e.g.*, *Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 558 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998). Second, and as explained more thoroughly below, whether Russell possesses an interest in the Property is relevant because a justice court and county court on appeal lack jurisdiction over a forcible-detainer suit when, as here, the right to immediate possession requires the resolution of a title dispute. *See, e.g.*, *Pina v. Pina*, 371 S.W.3d 361, 365 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Assuming without deciding that the Buyer properly objected to the admission of the evidence relating to Russell's purported interest in the Property, we hold that the trial court did not abuse its discretion in admitting the evidence.

---

[2] Although we normally begin with jurisdictional issues, here we begin with this evidentiary issue because whether Russell has established that the justice court and county court lack jurisdiction over this suit depends in part on whether this evidence was properly admitted.

Therefore, we overrule the Buyer's second issue.

## Jurisdiction

In its first issue, the Buyer argues that the county court erred in dismissing its forcible-detainer suit because the deed and statutory notice establish, as a matter of law, a superior right to immediate possession of the Property. According to the Buyer, the county court erred in basing its dismissal on the parties' title dispute because the plaintiff in a forcible-detainer suit is not required to prove title but only a superior right to immediate possession. Thus, the Buyer concludes, the county court should have rendered a judgment of possession in its favor while the parties prosecuted their title dispute separately in the district court.

Russell responds that, although the only issue in a forcible-detainer suit is the right to immediate possession, when the resolution of that issue requires the resolution of an underlying title dispute, the justice court and the county court lack jurisdiction over the suit. And here, whether the Buyer has a superior right to possession depends on whether the Buyer's interest in the Property is complete (in which case it does) or partial and shared with Russell (in which case it does not). Thus, Russell concludes, because the issue of possession requires resolution of the issue of title, the county court lacked jurisdiction and properly dismissed the Buyer's suit.

**A. Standard of review and applicable law**

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* at 364.

A forcible detainer action is intended to be a speedy, simple, and inexpensive method to obtain immediate possession of a property. *Id.* at 365. The only issue in a forcible detainer action is the right to immediate possession of real property. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail, the plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* When, however, the right to possession depends upon the resolution of a question of title, neither the justice court nor the county court has jurisdiction. *Id.*; *see Pina*, 371 S.W.3d at 365 ("A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, a justice or county court is deprived of jurisdiction only if the right to immediate possession necessarily requires the resolution of a title dispute.").

**B. Analysis**

At the de novo trial in the county court, Russell presented four pieces of evidence to show that the Buyer had only acquired a three-fourths interest in the Property and that he had retained the remaining one-fourth interest. First, Russell

8

presented the heirship affidavit, filed with the County Clerk on June 21, 2017, in which two disinterested witnesses who knew Earnest Sr. stated that Johnson (1) died on December 17, 2013 without leaving a will and (2) was survived by his four children, Earnest Jr., Carolyn, Sherriel, and Russell. *See* TEX. EST. CODE § 203.001 (heirship affidavit is prima facie evidence of heirship). Second, Russell presented his birth certificate, which lists Isabel Marie Walker as his mother. Third, Russell presented Isabel's death certificate, which lists Earnest Sr. as her surviving spouse. Finally, Russell presented Earnest Sr.'s death certificate, which, like the heirship affidavit, lists December 17, 2013 as his date of death.

This evidence—considered together with the undisputed fact that Earnest Sr. and Isabel were the record title holders of the Property when Russell's siblings conveyed their interests in the Property to the Buyer—tends to show that Russell and his three siblings each inherited a one-fourth interest in the Property when Earnest Sr. died intestate and that, when the three siblings conveyed their collective interest to the Buyer, the Buyer and Russell became co-owners with equal rights to possess the Property. *Cf. Byrom v. Pendley*, 717 S.W.2d 602, 605 (Tex. 1986) ("[E]ach cotenant has a right to enter upon the common estate and a corollary right to possession."); *Dyer v. Cotton*, 333 S.W.3d 703, 712 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (same).

9

Thus, the right to possession in this case depends upon the resolution of a question of title. Accordingly, we hold that the justice court and county court on appeal lacked jurisdiction over the suit. *See Pina*, 371 S.W.3d at 365 (holding that justice court lacked jurisdiction when determination of right of possession required determination of validity of deed allegedly conveying property to two siblings and divesting other siblings of any interest); *Gentry v. Marburger*, 596 S.W.2d 201, 203–04 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (holding that justice court lacked jurisdiction when determination of right of possession required determination of validity of alleged life estate); *Dent v. Pines*, 394 S.W.2d 266, 268–69 (Tex. App.—Houston 1965, no writ) (holding that county court lacked jurisdiction when determination of right of possession required determination of validity of claims under will and intestate succession).

We overrule the Buyer's first issue.

### Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

10