**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00196-CV

_____

## MONIQUE HARRIS AND ALL OTHER OCCUPANTS, Appellants

## V.

## MASUMEH, LLC, Appellee

---

**On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1218145**

---

## MEMORANDUM OPINION

Appellants Monique Harris and all other occupants (collectively, Harris) appeal a forcible detainer judgment in favor of appellee Masumeh, LLC. In two issues, Harris challenges the sufficiency of the evidence to support the judgment. We affirm.

## Background

Masumeh, LLC filed the underlying forcible detainer suit against Harris in a justice court on October 27, 2023. In its petition, Masumeh, LLC alleged that it entered into a lease agreement with Harris for the real property located at 6343 Mystic Bridge Drive, Houston, Texas 77021 (the property). Under the terms of the agreement, Harris agreed to pay $3,550.00 per month to lease the property from Masumeh, LLC.

Masumeh, LLC alleged that Harris defaulted on the lease agreement by failing to pay the rent due from June 2023 to October 2023, and that, despite giving Harris written notice to vacate the property, she refused to vacate. Masumeh, LLC sought possession of the property, unpaid rent, attorney's fees, and court costs. It attached as an exhibit to the petition a copy of the parties' residential lease agreement.

The justice court entered a judgment awarding possession of the property to Masumeh, LLC, payment of rent owed in the amount of $18,923.52, $1,200.00 in attorney's fees, and court costs. The judgment further ordered Harris to pay $3,550.00 for each rental pay period during the pendency of any appeal.

Harris appealed the judgment to a county civil court at law.[1] The county court conducted a bench trial, and the court reporter has certified that no record was made

---

[1]     Justice courts have original jurisdiction over forcible detainer suits. *See* TEX. PROP. CODE § 24.004(a); *see also* TEX. GOV'T CODE § 27.031(a)(2). A party who is

of the proceedings. Following the trial de novo, the county court entered a judgment and order awarding Masumeh, LLC possession of the property, $20,000.00 as rent owed, $2,000.00 in attorney's fees, and court costs.

**Discussion**

Harris challenges the sufficiency of the evidence to support the county court's judgment. She argues that the lease agreement, absent a conveying document such as a deed, is insufficient to establish that Masumeh, LLC owns, or is an agent of, the property and is therefore insufficient to establish its superior right of possession.

Masumeh, LLC responds that (1) the question of possession in this case depends on a landlord-tenant relationship and does not involve a title dispute, (2) Harris failed to file a reporter's record of the trial court proceedings, (3) absent findings of fact and conclusions of law, an appellate court must presume that the trial court found all findings of fact necessary to support its judgment, and (4) Harris's appellate brief fails to comply with the briefing requirements of Texas Rule of Appellate Procedure 38.1(i). Masumeh, LLC seeks an award of sanctions against Harris under Texas Rule of Appellate Procedure 45.

**A.    Forcible Detainer**

---

dissatisfied with a justice court judgment in such a suit may appeal to a county court for a trial de novo. *See* TEX. R. CIV. P. 510.9.

A landlord may file a forcible detainer action to reclaim possession of property when a tenant refuses to surrender possession of the subject property on demand. *See* TEX. PROP. CODE § 24.002(a). A forcible detainer action is dependent on proof of a landlord-tenant relationship. *See Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—-Dallas 2001, no pet.). The only issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession of real property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A determination of title, however, "shall not be adjudicated." *Pina v. Pina*, 371 S.W.3d 361, 364–65 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *accord Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.— Dallas 2010, no pet.) ("To maintain simplicity, the applicable rule of procedure provides that 'the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated.'" (quoting TEX. R. CIV. P. 746)).

## B. Evidentiary Sufficiency

Harris appeals the sufficiency of the evidence to support the county court's judgment in favor of Masumeh, LLC. The court reporter has certified that no reporter's record exists of the county court bench trial. An appellant has the burden

to bring forward a sufficient record to show the trial court's alleged error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[An appellant] cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal."). When a party raises an issue on appeal relying on evidence presented to the trial court—as Harris does here in her evidentiary challenge—we must presume the trial court had before it and determined all facts necessary in support of the judgment absent any record of what evidence the trial court considered. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment." (internal quotations omitted) (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997)); *see also Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) ("Onwubuche did not file a reporter's record as part of his record on appeal. We therefore must presume that the reporter's record contains evidence to support the trial court's rulings on all issues of fact."). Accordingly, we presume the trial court found the necessary facts to establish that Masumeh, LLC had the superior claim to immediate possession of the property. *See Bennett*, 96 S.W.3d at 229–30; *Onwubuche*, 2012 WL 1067950, at *3. We overrule Harris's first and second issues. *See Gbadmassi v. Ron Ray L.P.*, 04-21-00170-CV,

2022 WL 2346630, at *2 (Tex. App.—San Antonio June 30, 2022, no pet.) (mem. op.) (presuming trial court found necessary facts to establish landlord's right to past-due rent, post-judgment interest, and attorney's fees in eviction case where tenant raised evidentiary challenge to county court's judgment and no reporter's record of county court bench trial existed); *Roberson v. Chevalier*, 01-13-00307-CV, 2014 WL 3512767, at *2 (Tex. App.—Houston [1st Dist.] July 15, 2014, no pet.) (rejecting defendant's evidentiary challenges to county court's judgment in forcible detainer suit where no reporter's record of trial proceedings existed, and court of appeals presumed trial court determined all facts necessary to its judgment); *Callejas v. Fed. Nat. Mortg. Ass'n*, No. 01-10-00932-CV, 2011 WL 2923759, at *1 (Tex. App—Houston [1st Dist.] July 21, 2011, pet. dism'd w.o.j.) (mem. op.) (concluding defendants could not prevail on evidentiary issues raised on appeal of forcible detainer action where no reporter's record of trial existed).

## C. Sanctions

In its appellate brief, Masumeh, LLC argues that Harris's appeal is frivolous because she raises an evidentiary challenge to the county court's judgment, but there is no reporter's record of the proceedings. It asserts that it is entitled to damages under Texas Rule of Appellate Procedure 45 because "[t]he filing of the [notice of

appeal on February 26, 2024] and "[] languid pace of finally filing a brief on September 11, 2024, originally due on May 31, 2024, has damaged Appellee" and "delayed Appellant's [sic] rightful possession to the property and has caused it to expend time, money, effort, and other resources to defend the appeal."

Under Texas Rule of Appellate Rule 45, we may award "just damages" for a frivolous appeal on the motion of any party or on our own initiative. TEX. R. APP. P. 45; *Pantlitz v. Sikkenga*, 01-10-00581-CV, 2011 WL 5116464, at *5 (Tex. App.—Houston [1st Dist.] Oct. 27, 2011, no pet.) (mem. op.) (citing *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). We apply an objective test to determine whether an appeal is frivolous and conduct a full examination of the record and all the proceedings from the viewpoint of the advocate. *Panlitz*, 2011 WL 5116464, at *5; *Smith*, 51 S.W.3d at 381. The goal of this inquiry is to determine whether the advocate had reasonable grounds to believe that the trial court's judgment should be reversed. *Panlitz*, 2011 WL 5116464, at *5; *Smith*, 51 S.W.3d at 381. We exercise prudence and caution and deliberate carefully before awarding damages under Rule 45. *Panlitz*, 2011 WL 5116464, at *5; *Smith*, 51 S.W.3d at 381. We award sanctions in truly egregious circumstances. *Panlitz*, 2011 WL 5116464, at *5 (citing *Goss v. Hous. Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

An appellant's failure to provide a reporter's record does not, standing alone, make her appeal frivolous. *See Pantlitz*, 2011 WL 5116464, at \*5; *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 783 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Further, in the absence of a reporter's record, we cannot say that Harris did not have reasonable grounds to believe that the trial court's judgment should be reversed. *See Pantlitz*, 2011 WL 5116464, at \*5. We therefore decline to impose sanctions against Harris. *See id.* (declining to impose sanctions under Rule 45 where plaintiff failed to provide reporter's record and court could not conclude that plaintiff did not have reasonable grounds to believe trial court's judgment should be reversed); *Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (concluding plaintiff's failure to provide sufficient record for court of appeals to address its issues did not render its appeal frivolous); *In re A.W.P.*, 200 S.W.3d 242, 245–46 (Tex. App.—Dallas 2006, no pet.) (declining to impose sanctions based on plaintiff's failure to present complete record on appeal where court could not conclude appeal was otherwise frivolous).[2]

## Conclusion

We affirm the judgment of the county court at law.

---

[2] All pending motions are dismissed as moot.

                                        Kristin M. Guiney
                                        Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.