

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00286-CV
_____

JAMES RALSTON, APPELLANT

V.

ANTHONY RALSTON, APPELLEE

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 87183L1, Honorable James W. Anderson, Presiding

March 18, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS, and YARBROUGH, JJ.

Appellant, James Ralston, appearing pro se, appeals from the trial court's final judgment in favor of Appellee, Anthony Ralston, also appearing pro se. James challenges the judgment through three issues. We affirm.

**BACKGROUND**

In February 2012, James entered into a contract with the Worsham Family Trust to buy property located in Randall County, Texas. In June of that year, James moved

onto the property and made payments until April 17, 2018, when the property was apparently paid in full. A deed to that effect was filed in Randall County in May 2018. The deed listed "Anthony Ralston" as the name of the purchaser, not "James Ralson."

In October 2023, Anthony attempted to evict James from the property. He also told James he planned to sell the property. Shortly thereafter, James filed a mechanic's lien in an effort to block any sale. That lien showed Anthony to be the owner of the property. Text messages between James and Anthony also acknowledged title to the property was in Anthony's name.

Nevertheless, in April 2024, James filed a correction instrument with Randall County, seeking a revision of the first name on the deed from "Anthony" to "James." To support that correction, James provided the contract and receipts for the property, along with a notarized letter from Stephen Scholl, the living heir to the Worsham Family Trust. In that letter, Scholl stated he had reviewed the documents concerning the sale of property to James and that he did not wish to dispute it.

In May 2024, Anthony filed an eviction suit in Randall County. The suit was dismissed for lack of jurisdiction. Other proceedings related to the property subsequently took place, one leading to a grant of declaratory judgment in favor of James. That judgment was based on the correction instrument he filed in April 2024 to change the name from "Anthony Ralston" to "James Ralston." The judgment, dated August 4, 2025, stated that an error had been made on the deed as set forth in the correction instrument filed by James in April 2024. It found James Ralston to be the legal owner of the stated property.

2

Thereafter, however, the 47th Judicial District Court considered a motion for partial summary judgment filed by Anthony. Anthony presented evidence but James failed to submit evidence in a timely manner. As a result, the trial court ruled in favor of Anthony, finding he was the rightful owner of the property. That order, dated August 7, 2025, stated "[t]he **Correction Instrument** recorded on April 1, 2024, under Document No. 2024005391 in the Official Public Records of Randall County, Texas, is VOID and of no legal effect." It concluded James had no legal or equitable title to the property and quieted title in Anthony's favor.

James filed a motion for new trial. It was denied. In that order, dated September 11, 2025, the district court stated it "further clarifies and confirms that the judgment rendered in Cause No. 86201A is void and of no legal effect as to Plaintiff Anthony Ralston or his title to the Property, as defined in this Court's Order Granting Partial Summary Judgment signed August 7, 2025."

Anthony subsequently filed a petition in the county court for forcible detainer against James. The trial court granted it after a hearing. A written final judgment was issued on October 6, 2025. A writ of possession was executed on October 27, 2025, removing James from the property.

## ANALYSIS

### ISSUE ONE—VALIDITY OF NOTICE TO VACATE

By his first issue, James contends the county court at law erred in granting possession of the property to Anthony because the evidence failed to meet the requirements for a forcible detainer. Specifically, he argues the notice to vacate was

3

improper because it did not identify the party issuing the notice and was not signed by anyone. These, he alleges, are conditions precedent to an eviction and thus, he claims, the county court at law lacked authority to grant the eviction. We overrule the issue.

Anthony testified he delivered the notice to vacate to James in person by hand with the Randall County Sheriff's Department as liaison. He also sent the notice by certified mail. During the hearing, the trial court noted that James conceded he received the notice. James did not raise complaints concerning the notice with the trial court at that time. James thus did not preserve this complaint for our review.[1] TEX. R. APP. P. 33.1. Further, the notice complies with section 24.005 of the Texas Property Code. There is no requirement that the notice identify the party issuing the notice, nor is there a requirement that it be signed by a particular person. *See* TEX. PROP. CODE § 24.005. *See also Richardson-Wiggins v. AH4R Props. Two, LLC*, No. 02-15-00158-CV, 2016 Tex. App. LEXIS 1467, at *5–6 (Tex. App.—Fort Worth Feb. 11, 2016, no pet.) (mem. op.) (discussing requirements of notice under section 24.005).

ISSUE TWO—JURISDICTION

Via his second issue, James argues the order presented at the hearing showed a dispute over property ownership because the order was not final. He claims there was an ongoing dispute in the district court and therefore, the county court at law did not have

---

[1] James argues in his reply brief that he preserved error through his motion to dismiss. That motion appears to have been filed before the hearing in this matter and was not acted upon by the trial court. A blank, unsigned proposed order appears in the record. It is unclear whether the trial court was made aware of the motion to dismiss and James did not re-urge his objections to the notice when the issue arose during the hearing.

4

the authority or jurisdiction to decide the issue of ownership to determine right of possession. We resolve the issue against James.

James argues the county court did not have jurisdiction to decide whether he had a right to possession of the property because the district court had made its ruling on a motion for partial summary judgment and the partial summary judgment was not a final judgment. We disagree.

While a justice court has subject-matter jurisdiction over a forcible detainer action, the justice court and a county court on appeal lack jurisdiction to resolve any questions of title beyond the immediate right to possession. TEX. GOV'T CODE § 27.031; *Pina v. Pina*, 371 S.W.3d 361, 365 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, a justice or county court is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Id.* In other words, "the questions of possession and title" have been "specifically bifurcated" such that one is not necessarily contingent on the other. *Borunda v. Fannie Mae*, 511 S.W.3d 731, 734 (Tex. App.—El Paso 2015, no pet.). Additionally, specific evidence of a title dispute is required to divest jurisdiction. *Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied). Therefore, broad allegations are insufficient. *Id.*

Title to the property at issue here was determined by the 47th Judicial District Court on August 8, 2025 by means of an order granting partial summary judgment. The district court concluded James had no legal or equitable title to the property and quieted title in favor of Anthony. During the hearing on the appeal of the eviction in county court, the

5

court stated, the trial court entered a judgment "quieting title in Anthony's name. That is not in dispute today and that cannot be litigated today. The only issue today is whether or not they have properly noticed you and whether you have a right to remain on that property. And you yourself conceded to notice."

The record before us is clear that the district court quieted title in favor of Anthony. The fact that this was accomplished through a partial summary judgment order does not mean there was an ongoing dispute about title. It means simply that other issues in the case had not yet been decided. In short, the issue concerning title had been decided and there was no existing dispute that deprived the county court of jurisdiction in the forcible detainer action.

**ISSUE THREE—AUTHORITY TO VOID A JUDGMENT**

Lastly, James argues one of the orders submitted by Anthony as proof of undisputed ownership also contained a line stating that a judgment presented by James granting him ownership was void. This, James says, was an improper collateral attack on that judgment in a proceeding that was not filed specifically to challenge that judgment. Accordingly, he claims, the court had no authority to void that judgment. We overrule the issue.

James appears to be attacking an order not before this Court. James appealed from the Final Judgment entered by the County Court at Law No. 1 for Randall County, Texas on October 6, 2025. The order of which he complains in his third issue is the 47th Judicial District Court's order on partial summary judgment discussed in the previous

6

issue.  We cannot address complaints about an order that is not the subject of the appeal before us.

## CONCLUSION

Having resolved each of James's issues against him, we affirm the final judgment of the county court.

Alex Yarbrough
Justice